# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**PAAYO TA TRUST,**

    **Plaintiff,**

vs.                                                                Civ. No. 99-677 JP/RLP

**MAV INTERNATIONAL, INC.,
and CLARENCE K. GODDARD,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before me *sua sponte*. Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

### Background

On May 3, 1999, Plaintiff Paayo Ta Trust filed suit against Defendants MAV International, Inc. and Clarence K. Goddard ("Defendants") in the Second Judicial District Court, County of Bernalillo, State of New Mexico asserting claims of breach of contract and fraud arising from a contract between the parties for 75,000 metric tons of wheat. Plaintiff requested actual damages for lost profits in the amount of the difference between the amount Plaintiff had contracted to purchase the wheat for and $10,800,000.00 (the total price under the contract with MAV Interntional), expenses in performing the contract, attorneys' fees, punitive damages, costs, pre-judgment interest, and "other legal and equitable relief as the Court may deem just and proper." (Compl. pp. 3-5.). Nowhere in the complaint does Plaintiff quantify its request for

damages.

On June 18, 1999, Defendants filed an Amended Notice of Removal under 28 U.S.C. § 1441 alleging diversity jurisdiction under 28 U.S.C. § 1332. In particular, Defendants allege that:

> 3. Plaintiff sues on a contract allegedly valued at $10,800,000 and seeks lost profits. The contract is regarding 75,000 metric tons of wheat with a purchase price of $144 per metric ton. If Plaintiff shows a breach and resulting lost profit marginally in excess of even $1.00 per metric ton, the amount in controversy exceeds $75,000.

(Amended Notice of Removal at ¶ 3.). The Amended Notice of Removal also states that "[t]his Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332, with this matter being between citizens of different states and the amount in controversy, upon information and belief, exceeding $75,000." (Amended Notice of Removal at ¶ 4.).

## Legal Standard

Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

"'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'" *Laughlin*, 50 F.3d at 873 (citations omitted).

In *Laughlin*, the Court of Appeals for the Tenth Circuit found:

> Neither Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims. . . . The notice of removal does not refer to an amount in controversy, although the petition is attached as an exhibit to the notice. . . . Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873.

### Discussion

Here, Plaintiff's complaint does not quantify the amount of damages sought. It merely states that Plaintiff suffered damages "in an amount to be proven at trial, including lost profits in the amount of the difference between the amount [Plaintiff] had contracted to purchase the wheat for and $10,800,000 (the total price under the Contract with MAV) . . . ." (Compl. at ¶ 14.) The complaint does not state the amount for which Plaintiff had contracted to purchase the wheat, which precludes a calculation of Plaintiff's lost profits for the Defendants' alleged breach of contract.

Nor does Defendants' Amended Notice of Removal affirmatively establish the requisite amount in controversy. "If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to Gaus's claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67 (emphasis in original). Because Defendants' Amended Notice of Removal fails to set forth the "'underlying facts supporting [the] assertion that the amount in controversy exceeds'" $75,000.00, *Laughlin*, 50 F.3d at 873 (quoting *Gaus,* 980 F.2d at 567), I lack subject matter jurisdiction.

Since this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this court.

3

That section provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate in this instance.

IT IS THEREFORE ORDERED that this case is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT COURT JUDGE