## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PAAYO TA TRUST,

      **Plaintiff,**

v.                                **Civ. No. 99-677 JP/RLP**

**MAV INTERNATIONAL, INC. ,**
**and CLARENCE K. GODDARD,**

      **Defendants**.

## MEMORANDUM OPINION AND ORDER

On April 24, 2000 Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. No. 9) under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).  After reviewing  the briefs and the applicable law, I conclude Defendants' motion should be granted.

### I.    LEGAL STANDARD

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing that the exercise of personal jurisdiction over the defendant is proper.  See Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 456 (10th Cir. 1996).  If the motion to dismiss is submitted on the basis of affidavits and other written materials, as is the case here, the plaintiff need only make a prima facie showing to avoid dismissal for lack of personal jurisdiction. Id.

 "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.[] If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and plaintiff's prima facie showing is sufficient

notwithstanding the contrary presentation by the moving party." Behagen v. Amateur Basketball Ass'n., 744 F.2d 731, 733 (10th Cir. 1984) (citations omitted), cert. denied, 471 U.S. 1010 (1985). "The procedure to deciding a motion to dismiss for improper venue is generally the same as for deciding a motion to dismiss for lack of personal jurisdiction." M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 682 (D. Kan. 1994) (citation omitted).

## II.   BACKGROUND

The factual allegations taken from the complaint and pleadings are as follows.  Plaintiff Paayo Ta Trust ("Trust"), is a trust established under the laws of the State of Nevada.  Defendant Goddard, President of MAV International ("MAV"), is a resident of the state of Maryland.  MAV is a Maryland corporation with its principal place of business in Maryland.

On October 29, 1998, the parties entered into a contractual agreement whereby the Plaintiff agreed to sell, and Defendant MAV agreed to buy, 75,000 metric tons of hard red wheat. Although the contract states that it was "made in Albuquerque, New Mexico," Plaintiff executed the contract in California and Defendant Goddard executed it on behalf of MAV in Maryland. The hard red wheat was to be shipped to Lagos, Nigeria.  Alleging that Defendants breached the contract, Plaintiff filed this lawsuit on May 3, 1999 in state court.

On June 18, 1999, Defendants removed this case to federal court based on diversity jurisdiction.  This court sua sponte remanded the case because Defendants had not established the requisite amount in controversy as required by Laughlin v. K-Mart, 50 F.3d 871, 873 (10th Cir. 1995).  On July 14, 1999, Defendants filed, in state court, a motion to dismiss for lack of personal jurisdiction.  State District Court Judge Thompson issued, on October 20, 1999, a letter denying the motion to dismiss and directing counsel to draft an appropriate order.  On January 28, 2000,

2

Plaintiff filed in state court a Motion for Partial Summary Judgment on Breach of Contract requesting damages exceeding three million dollars.[1]  Defendants timely removed this case to federal court a second time on February 14, 2000, after learning that the amount in controversy exceeded $75,000.[2]

In their Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue, Defendants contend that (1) Judge Thompson's letter was not a final order requiring this Court to give it preclusive effect, (2) the recitation that the contract was made in Albuquerque, New Mexico is not a forum selection clause and does not establish personal jurisdiction over Defendants, (3) this Court does not have personal jurisdiction over Defendants under the New Mexico long-arm statute and due process considerations; and (4) venue is improper and this case must either be dismissed or transferred.

Plaintiff contends that (1) Judge Thompson's letter ruling is a final order to which this court must defer; (2) Defendants agreed to a forum selection clause in the contract specifying jurisdiction in New Mexico; and (3) the case should be remanded back to state court.

---

[1] After Defendants removed this case to federal court the second time, Defendants' response and Plaintiff's reply were filed in federal court.

[2] This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000 and the action is between citizens of different states.

III.    **ANALYSIS**

**A.     State District Court Judge's Letter Ruling is Not a Final Order and the Law of the Case Doctrine Does Not Apply**

Judge Thompson's October 20, 1999 letter was addressed to Plaintiff's and Defendants' counsel and stated in its entirety, "Defendants' Motions to Dismiss on Lack of Personal Jurisdiction and, Alternatively, On Forum Non Conveniens is denied.  This is a letter ruling, counsel, please draw the Order." (Pl.'s Exhibit A.)  At the time this case was removed, the parties had not yet agreed on the form of the order.

Plaintiff fails to cite any legal authority to support his argument that Judge Thompson's letter ruling is a final order, and New Mexico law appears to be to the contrary.[3]  See Carmona v. Hagerman, 125 N.M. 59 (1998); Western Bank v. Fluid Assets Development Corp., 111 N.M. 458 (1991); Quarles v. Arcega, 114 N.M. 502 (Ct. App. 1992).  In Western Bank the Supreme Court of New Mexico stated, "[t]he rules of civil procedure for the district courts are clear that the trial court's formal findings represent the court's official decision."  Western Bank, 111 N.M. at 460. (citing SCRA 1986, 1-052(B)(1)(g) and Ulibarri v. Gee, 106 N.M. 637, 748 P.2d 10 (1987)).  Consequently, the court held that any conflict between the trial court's opinion letter to the parties and the court's findings, conclusions and judgment had to be resolved in favor of the findings and conclusions.  See id. at 460.

The New Mexico Court of Appeals followed this approach in Quarles.  In that case, the

---

[3] Plaintiff also suggests that Defendants have "waived any rights [they] had to request reconsideration of the ruling in State Court or to appeal the ruling" because they removed this case to federal court.  (Pl.'s Resp. at 4.)   However, "mere removal of an action does not constitute a waiver of the defendant's objection that the state court lacks jurisdiction over his person."  Harvey v. Price, 603 F. Supp. 1205, 1207-08 (S.D. Ill. 1985) (citing 1A MOORE'S FEDERAL PRACTICE ¶ 0.157[3.-5]).

trial court judge wrote a decision letter to the parties finding in favor of the plaintiffs on their adverse possession claims and also finding that the plaintiffs held paramount record title to the land in question.  Quarles, 114 N.M. at 507.  The trial court's findings and conclusions, however, failed to include any finding that plaintiff had paramount record title.  See id. at 508.  The Court of Appeals stated that it would consider only the adverse possession claim "because the trial court's determination that Plaintiffs 'have paramount record title to the disputed lands by virtue of their deeds' appears only in the decision letter."  Id.  The court then cited Western for the proposition that "the trial court's formal findings represent the court's official decision."[4]  Id. (citing Western Bank, 111 N.M. at 460.)

In Carmona the "trial court issued a letter decision denying [defendant's] motion for summary judgment on the question of immunity under the Tort Claims Act."  Carmona, 125 N.M. at 60.  Defendant later filed a cross-appeal on this issue.  See id. at 64-65.  The Supreme Court of New Mexico noted that the "trial court did not enter a final order on this issue, instead, the trial judge made the finding in a letter decision.  Appellate courts generally lack jurisdiction to entertain appeals from non-final orders; thus, it is unclear whether this cross-appeal is properly before the Court."  Id. at 65 (citation omitted).  Although the court eventually concluded that under Rule 12-201(C) NMRA 1998 it could consider the immunity issue, id., the language used by the court strongly suggests that a letter ruling is not a final order.  See also Kelly Inn No. 102, Inc. v. Kapnison, 113 N.M. 231, 236 (1992) ("The general rule in New Mexico for determining the finality of a judgment is that 'an order or judgment is not considered final unless all issues of

---

[4] The court nevertheless went on to conclude that there were insufficient findings to support a determination that the plaintiffs had proved record title.  See id.

law and fact have been determined and the case disposed of by the trial court to the fullest extent

possible.'") (quoting <u>B.L. Goldberg & Assocs. v. Uptown, Inc.</u>, 103 N.M. 277, 278 (1985)).

Application of <u>Western Bank</u>, <u>Quarles</u>, and <u>Carmona</u> leads to the conclusion that Judge

Thompson's letter ruling was not a final order and that the law of the case doctrine therefore does

not apply.  <u>See</u> <u>Gage v. General Motors Corp.</u>, 796 F.2d 345, 349 (10th Cir. 1986) ("The law of

the case rule applies only when there has been a final decision.") (citations omitted).[5]  Even if

Judge Thompson's letter ruling was a final order, however, it does not represent the law of the

case.  <u>See</u> <u>Harvey v. Price</u>, 603 F. Supp. 1205, 1208 (S.D. Ill. 1985).  In <u>Harvey</u> the defendant

removed the action to federal court after the state court had denied defendant's motion to dismiss

for lack of personal jurisdiction.  <u>See</u> <u>id.</u> at 1207.   The federal court rejected the plaintiff's

argument that "the state court's ruling on the defendant's earlier Motion to Dismiss for lack of

personal jurisdiction represents the law of the case so as to preclude a further determination by

this Court."  <u>Id.</u> at 1208.  The court stated, "[a]ny orders issued by the state court prior to

removal are not conclusive upon the parties," because removal provides the federal court with

---

[5] In its response, Plaintiff seems to concede that Judge Thompson's letter ruling was not a final order but suggests that under <u>Gage</u> the law of the case rule still applies.  <u>See</u> Resp. at 4 ("Although the law of the case rule requires a final decision, the Tenth Circuit in <u>Gage</u> held that where a party opted to file a federal court claim instead of appealing the state court ruling, the rule applied.").  In <u>Gage</u> the state court issued a final order dismissing plaintiff's state law claims without prejudice.  <u>See</u> <u>id.</u> at 350.  Rather than appeal the dismissal, the plaintiff filed an action in federal court alleging the same state claims and a federal claim.  <u>See</u> <u>id</u>.  On appeal, the Tenth Circuit upheld the federal district court's application of the law of the case doctrine to the plaintiff's state claims.  <u>See</u> <u>id.</u> at 349.   <u>Gage</u> is readily distinguishable from this case.  First, Defendants did not file a new federal action, they simply removed this case from state court.  Second, in <u>Gage</u> the Tenth Circuit expressed its reluctance to "upset the determination of a State court on a question of State law."  <u>Id.</u> at 349-50 (citing 1 B Moore's Federal Practice (2d ed. 1965) ¶ 0.404[7]) for the proposition that "in a non-federal matter where the state substantive rule has been established in state court litigation . . . the state court rule constitutes the law of the case in another action in the federal court involving the same matter and the same parties.").

complete control over orders and proceedings in the case.  Id.  The court also noted that "[i]f the cause had continued before the state court it could have set aside or modified the orders in question, and what it could have done may be done by the [federal] District Court on a rehearing, if the facts warrant such a course.  Indeed upon the [federal] District Court's assuming jurisdiction of the suit, it must have free hand to dispose of all phases of the controversy."  Id. (citation omitted).

Another reason why this Court does not have to give preclusive effect to Judge Thompson's letter ruling is that before removal Defendants had filed in state court a motion to reconsider.  This motion was set for hearing at the same time as a hearing on the form of the proposed order denying Defendants' motion to dismiss for lack of personal jurisdiction.  Thus, the issue of the court's personal jurisdiction over Defendants was still pending before Judge Thompson at the time of removal.

**B.**    **Contract that states "made in" is not a forum selection clause**

Plaintiff claims that the first sentence in the contract constitutes a forum selection clause. It reads "[t]his contract made in Albuquerque, New Mexico, USA, on the 29th day of October 1998." (Pl's. Resp. Exhibit B.)  Plaintiff further suggests that "since the Contract at issue herein contains a forum-selection clause, no further inquiry [into personal jurisdiction] is needed." (Pl's. Resp. at 6.)  Defendants contend the first sentence merely recited where the contract was made, but does not constitute a forum selection clause.

"Cases interpreting clauses relating to the commencement of litigation should be driven by the language the parties employed in agreeing upon the locus of litigation between them." SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 581 (10th Cir. 1997).  Courts have

found the parties intended the following contract language to constitute forum selection clauses:

(1) "all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court, located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country," <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585, 587-88 (1991); (2) "venue shall be proper under this agreement in Johnson County, Kansas," <u>Milk 'n' More, Inc. v. Beavert</u>, 963 F.2d 1342,1345-46 (10th Cir. 1992); (3) "[n]o action or proceeding shall be commenced by [Koch] against [NYCCDC] except in the Supreme Court of the State of New York," <u>Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp</u>, 838 F.2d 656, 659 (2nd Cir. 1988); (4) "[i]t is agreed for purposes of this agreement, venue shall be in Adams County, Colorado," <u>Intermountain Sys., Inc. v. Edsall Constr. Co., Inc.</u>, 575 F. Supp. 1195, 1197 (D. Colo. 1983); (5) "any suit brought by Distributor [ ] shall be brought in either San Diego or Los Angeles County," <u>Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.</u>, 466 F. Supp. 71, 72 (S.D.N.Y. 1978); and (6) "[a]t the option of Seller, jurisdiction and venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county as set forth in paragraph I above [Saline County, Kansas]," <u>Vanier v. Ponsoldt</u>, 833 P.2d 949, 955 (Kan. 1992).

Here, the language in the contract fails to indicate that the parties intended to enter into a forum selection clause. The sentence at issue does not specify a particular venue nor does it express any indication that this case would be litigated in New Mexico.[6] The sentence states only

---

[6] Conversely, the contract has an arbitration clause which states, "the parties to this contract hereby agree to settle all discrepancies amicably. If amicable settlement is not reached, the dispute in question is to be submitted for arbitration. The findings shall be considered as final and binding upon both the BUYER and the SELLER." (Pl's. Resp. Exhibit B ¶ 18.)

that the contract was "made in Albuquerque."[7]   The language of the first sentence, without any further indication of the parties' intent to enter into selection of a forum, cannot be construed as a forum selection clause.[8]

### C.    New Mexico does not have personal jurisdiction over Defendants

"Federal Courts, sitting in diversity, have personal jurisdiction to the extent permitted by the law of the state in which they sit." Beh v. Ostergard, 657 F. Supp. 173, 174 (D.N.M. 1987) (quoting Yarbrough v. Elmer Bunker and Assocs., 669 F.2d 614, 616 (10th Cir. 1982)).  New Mexico case law has established a three-part test which must be met before a court may exercise personal jurisdiction over a nonresident defendant. Beh, 657 F. Supp. at 174.  First, the court must determine whether defendant's acts are among those enumerated in New Mexico's long-arm statute. Id.  Second, plaintiff's cause of action must arise from defendant's acts that fall within the long-arm statute. Id.  Third, defendant must have sufficient minimum contacts with New Mexico to satisfy due process. Id.

---

[7] Although Plaintiff's affidavit states that he inserted this sentence in the contract in order to establish jurisdiction over any dispute in New Mexico and that he took this to "mean that they agreed to the selection of New Mexico as the forum for litigation regarding the Contract," the language is so ambiguous that Plaintiff's personal interpretation does not control.

[8] Additionally, Plaintiff argues that because the contract was entered into by "sophisticated businessmen in the habit of negotiating complex contracts" the forum selection clause was clear to both parties and should therefore be honored and enforced.  Plaintiff cites M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972) and Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) to support his point.  Plaintiff's reliance on these cases is misplaced.

M/S Bremen questioned whether a freely bargained for forum clause may be unreasonable and unenforceable if the chosen forum is seriously inconvenient for both parties.  Burger King did not involve a forum selection clause.  Rather, Burger King questioned whether defendants purposefully availed themselves to litigation in Florida because they were sophisticated businessmen who entered into a contract with a Florida corporation.  Moreover, "sophisticated businessmen" would choose language that explicitly stated a forum selection if that is what they intended.

The New Mexico Long-Arm Statute, N.M. Stat. Ann. § 38-1-16 provides:

> A.  Any person, whether or not citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>> (1) the transaction of any business within this state;[9]
>> (2) the operation of a motor vehicle upon the highways of this state;
>> (3) the commission of a tortious act within this state;
>> (4) the contracting to insure any person, property or risk located within this state at the time of contracting . . .
>
> C.  Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

Plaintiff claims that this Court has personal jurisdiction over Defendants under the "transaction of any business" subsection of the long-arm statute.  The New Mexico courts have equated the "transaction of any business" inquiry with the due process "minimum contacts" inquiry.  See Rogers v. 5-Star Management, Inc., 946 F. Supp. 907, 910-11 (D.N.M. 1996).  Consequently, the two inquiries collapse into "'a single search for the outer limits of what due process permits.'" Id. (quoting Jones v. 3M Co., 107 F.R.D. 202, 205 (D.N.M. 1984)).

The minimum contacts standard may be met by either asserting general or specific jurisdiction over a non-resident defendant.  See OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149

_____

[9] "New Mexico courts have not specifically addressed what amounts to the transaction of business within New Mexico." Pelton v. Methodist Hosp., 989 F. Supp. 1392, 1393 (D.N.M. 1997).  Because New Mexico's long-arm statute is patterned after Illinois' long-arm statute, courts have looked to Illinois case law in construing "transaction of business." See id. at 1393-94.  This case law suggests that in determining whether a defendant has engaged in the "transaction of business," a court should look to the following factors: "(1) who initiated the transaction; (2) where the transaction was entered into; and (3) where the performance was to take place." Id. at 1394.

F.3d 1086, 1090-91 (10th Cir. 1998).  Specific jurisdiction may be asserted over a non-resident

defendant if "the defendant has 'purposefully directed' his activities at residents of the forum, and

the litigation results from alleged injuries that 'arise out of or relate to' those activities.'"  Id. at

1091 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).  A court may

exercise general jurisdiction over a non-resident defendant for non-forum related activities based

on the defendant's general business contacts with the forum state.  Id. (citing Helicopteros

Nacionales de Colombia v. Hall,  466 U.S. 408, 415 (1984)).  To satisfy the requirements of

general jurisdiction, a plaintiff must show that the defendant had "continuous and systematic

general business contacts."  Helicopteros, 466 U.S. at 416.

　　　　Defendants argue that this Court lacks general and specific jurisdiction over them.[10]  The

only allegation in Plaintiff's complaint concerning Defendants' alleged business contacts with New

Mexico is that Defendants entered into a contract in Albuquerque, New Mexico.  This allegation

is insufficient to show that Defendants had "continuous and systematic general business contacts"

with New Mexico for purposes of establishing general jurisdiction.  See Helicopteros, 466 U.S. at

416.

　　　　The Tenth Circuit has clearly set forth the specific jurisdiction inquiry, which has two

prongs.  See OMI Holdings, 149 F.3d at 1091.  "First, we must determine whether the defendant

has such minimum contacts with the forum state 'that he should reasonably anticipate being haled

into court there.'"  Id. (quoting World- Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297

---

[10] In its response, Plaintiff fails to set forth any argument concerning this Court's personal
jurisdiction over Defendants.  Instead, Plaintiff makes the perfunctory statement that "[s]ince the
Contract at issue herein contains a forum-selection clause, no further inquiry is needed." (Resp. at
4.)

(1979)).  This inquiry involves a determination of "whether the defendant purposefully directed its activities at residents of the forum, Burger King, 471 U.S. at 472, 105 S.Ct. 2174, and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'"  Id. (quoting Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 109 (1987)) (emphasis in original).  If the court is satisfied that "the defendant's actions create sufficient minimum contacts, [it] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'"  Id. (quoting  Asahi, 480 U.S. at 113).

Case law has clearly established that a defendant's transaction of business which consists of a series of telephone calls and letters and the purchase of a computer from forum residents  is insufficient to exercise personal jurisdiction over non-resident defendants.  See Wesley v. H & D Wireless Ltd. Partnership, 678 F. Supp. 1540, 1542 (D.N.M. 1987).  The New Mexico Supreme Court has also concluded that  "the place of execution of [a] contract, although a circumstance to be considered in determining whether or not a person is transacting business in this State . . . is certainly not a controlling, an essential, or even a highly significant fact" in determining whether a party transacted business in the state.  Telephonic, Inc. v. Rosenblum, 88 N.M. 532, 535 (1975) (citation omitted).  Furthermore, the "mere existence of a contract executed by a [resident of the forum state] is insufficient to confer personal jurisdiction over an absent non-resident defendant."  Automoated Quill, Inc. v. Chernow, 455 F. Supp. 428, 432 (D. Colo. 1978) (citing Hydraulics Unlimited Mfg. Co. v. B/J Mfg. Co., 323 F. Supp 996 (D. Colo. 1971), aff'd, 449 F.2d 775 (10th Cir. 1971)).  Even if a defendant enters the forum state to discuss with the plaintiff details of performing a contract, this contact alone is not sufficient for personal jurisdiction.  See Associated

12

<u>Inns & Restaurants Co. of America v. Development Assocs.</u>, 516 F. Supp. 1023, 1026 (D. Colo. 1981).  The mere fact that a forum state resident is a party to a contract, which makes it foreseeable that his rights in the forum state will be affected by the contract, is not a sufficient basis for establishing personal jurisdiction over a non-resident defendant.  <u>See id.</u> at 1027.

The only evidence that Plaintiff offers to establish its prima facie case that New Mexico has personal jurisdiction over Defendants is that the contract states it was "made in New Mexico."[11]  The first page of the contract also lists an Albuquerque, New Mexico address for one of the two trustees of the Paayo Ta Trust.  (Ex. B to Resp.)  Plaintiff submitted an affidavit from Maurice Smith, who negotiated the contract on Plaintiffs' behalf, stating that he requested that the contract state that it was "made in Albuquerque, New Mexico, USA."  (Ex. C to Resp.)  It is unclear why Mr. Smith wanted to insert this language or why Defendants agreed to include it.

It is undisputed, however, that Defendants had no contacts with any individual or corporation within New Mexico.  Defendant MAV, a Maryland corporation, entered into a contractual agreement with Plaintiff, a trust established in Nevada and working out of California. Defendants never attended meetings in, made any telephone calls to, or had any other connections with, the state of New Mexico.  Defendants do not maintain offices in New Mexico.  They have not faxed, e-mailed, or had any other form of correspondence with anyone in New Mexico.  All communications between Plaintiff and Defendants in negotiating and executing the contract took place from locations either in Maryland or California.  The parties signed the contract in Maryland and in California, not in New Mexico.  The product, hard red wheat, was to be delivered to or

---

[11] Plaintiff and Defendants submitted affidavits in conjunction with their memoranda. Plaintiff does not dispute the factual statements contained in Defendants' affidavit.

from locations either in Maryland or California, with a final destination of Lagos, Nigeria.

Clearly, Defendants's actions do not meet the minimum due process standard necessary to permit

this case to continue under New Mexico's long-arm statute.

### D.  Venue is Improper

Defendants argue that this action should either be dismissed under Fed. R. Civ. P.

12(b)(3) or transferred  in accordance with 28 U.S.C. § 1406(a) because venue in New Mexico is

improper.[12]  In a diversity action, venue is assessed under 28 U.S.C. § 1391(a).  Section 1391(a)

permits a civil action where jurisdiction is based only on diversity of citizenship to be brought in

(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

judicial district in which any defendant is subject to personal jurisdiction at the time the action is

commenced if there is no district in which the action may otherwise be brought.  Since this Court

does not have personal jurisdiction over Defendants, this case must either be dismissed or

transferred.

The decision to transfer or dismiss is committed to the discretion of the district court

acting "in the interests of justice."  Hayes v. RCA Service Co., 546 F. Supp. 661, 665 (D. D.C.

1982).  Plaintiff suggests no alternative venue.  Instead, Plaintiff asks that this case be remanded

to state court.  "Remand would be an alternative if, and only if, the state court could possess

---

[12] 28 U.S.C. § 1406(a) reads, "The district court of a district in which is filed a case laying
venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer
such case to any district or division in which it could have been brought."

personal jurisdiction over the defendants when the federal court could not." <u>Harvey v. Price</u>, 603 F. Supp. 1205, 1208 (S.D. Ill. 1985).  Since there is no personal jurisdiction over Defendants in New Mexico, the state court could not maintain personal jurisdiction.  <u>See</u> <u>id</u>.  Because Plaintiff does not suggest an alternative venue or offer any rationale as to why it would be in the interest of justice for this Court to transfer the case, rather than dismiss it, this case should be dismissed.  <u>See</u> <u>General Electric Capital Corp. v. Selph</u>, 718 F. Supp. 1495, 1497 (D. Kan. 1989) (holding that where the plaintiff has offered no reason as to why it would be in the interest of justice for the court to transfer the case rather than dismiss it, the case should be dismissed).


IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 9) is granted.

**UNITED STATES DISTRICT JUDGE**